UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | REPORT AND RECOMMENDATION |
| V. | ) | |
| | ) | CASE NO. 2:04-cr-84-02 |
| DARREN HENRY STROUSE | ) | |

On January 29, 2007, the supervising probation officer submitted a petition alleging violations of conditions of supervised release.  The District Judge referred the petition to this Court for hearing, and for preparation of this Report and Recommendation.  This Court held a hearing on March 30, 2007, at which Mr. Strouse admitted to the violations.  The government seeks revocation of supervised release, while Mr. Strouse requests placement at an inpatient alcohol and drug treatment facility.

**FACTS**

A September 13, 2006 Report and Recommendation included the following factual summary:

> Mr. Strouse pled guilty to a charge of larceny, and on August 12, 2004 was sentenced to time served in pretrial detention (approximately two-and-one-half months), and to a term of supervised release of three years.  Because of a state term of custody, Mr. Strouse's term of supervised release did not begin until September 15, 2005.  From October 10, 2005 until January 10, 2006, Mr. Strouse was again in state custody as a result of state probation revocation, so his term of supervised release was tolled.  Thus, Mr. Strouse has served less than nine months of his three year term of supervised release.  During approximately four of those less than nine months, Mr. Strouse was in tribal custody.
>
> On March 3, 2006, Mr. Strouse was taken to the Mercy

1

Hospital Emergency Room in Devils Lake, after a car crash. A nurse found marijuana and a syringe in his pants, and he was charged with possession of marijuana. Mr. Strouse explained that the syringe was one his mother used for diabetes medication, and his counsel noted that he was not charged with possession of drug paraphernalia as a result of that incident.

While he was serving a tribal court sentence, Mr. Strouse and others escaped from the Fort Totten jail, and caused some damage to that facility. Mr. Strouse was arrested a few days later, and on July 10, 2006 pled guilty in tribal court to escape, theft, and malicious mischief.

Some of the violations charged actually arise from conduct which pre-dated Mr. Strouse's federal conviction. He recently pled guilty in tribal court to escape, theft, assault and battery, disorderly conduct, and DUI, all relating to conduct which occurred before the crime which resulted in the current sentence of supervised release.

During the limited time he has been on supervised release, Mr. Strouse has tested positive for methamphetamine, cocaine, and alcohol. He completed a four-week treatment program at Spirit Lake Recovery and Wellness, but has not completed the aftercare program. The petition charges failure to complete aftercare as a violation, but Mr. Strouse explained that he was in tribal custody at the time he was scheduled to start the aftercare program, and thus compliance with that condition was not possible. Though not charged in the petition, the violation report states that Mr. Strouse failed to report for drug testing as directed on several occasions.

The petition also charges that Mr. Strouse is subject to three outstanding warrants. Mr. Strouse alleges that the warrants all relate to charges pre-dating the federal conviction, and the evidence is not clear on that question.

As a result of the prior petition, on the recommendation of this Court, Mr. Strouse was ordered to serve four months in custody, followed by one year of supervised release. He completed the term of custody on December 8, 2006. Two days after he was released, he was arrested in Grand Forks on alcohol-related

2

charges.   He served a short term of custody on those charges, followed by a short terms for outstanding warrants and unpaid fines from Ramsey County and the City of Devils Lake.  He agreed that he would enter drug and alcohol treatment at Lake Region Human Service Center, while in a placement at Lake Region Law Enforcement Center. That placement was to begin after he completed a Burleigh County sentence which resulted from a prior nonsufficient funds check charge.

Mr. Strouse, however, did not report for the placement at LRHSC/LRLEC after release from Burleigh County custody on January 10, 2007.  The supervising probation officer did not know his whereabouts from the time of his release from Burleigh County custody until his arrest as a result of this petition.  At the hearing, Mr. Strouse stated that he did not report for treatment because his child was about to be born, and that he was with his girlfriend and child during the time the supervising probation officer was not aware of his whereabouts.  He said that he was putting his family first.

Mr. Strouse was arrested on March 14, 2007, and remains in custody pending a decision on the petition.

## PARTIES' POSITIONS ON DISPOSITION

The government seeks revocation of supervised release, and imposition of a term of incarceration of eleven months, with no additional term of supervision after completion of the term of

incarceration.   It is the government's position that Mr. Strouse has demonstrated that he is not amenable to supervision.

Mr. Strouse, through counsel, asked that he be placed at an inpatient treatment facility for three to six months, and that any term of custody be no more than five to seven months.  He argues that, at the time sentence was originally imposed, the sentencing guidelines provided for a term of custody of zero to six months, and he has already been in custody for eight or nine months as a result of this conviction.   That assertion, however, does not consider that the guidelines also included a term of supervised release, with known consequences for non-compliance with release conditions.

### POLICY STATEMENTS OF SENTENCING GUIDELINES

At the time of sentencing on the underlying offense, Mr. Strouse was in Criminal History Category III.  The violations to which he has admitted are of Grade C.  The sentencing guidelines suggest a term of custody of five to eleven months when supervision is revoked under those circumstances.

### DISCUSSION

In the prior Report and Recommendation, this Court recommended that Mr. Strouse serve a relatively short term of custody, with an opportunity for the drug and alcohol treatment he requested, followed by a period of supervision to assure that he followed through.  Although treatment was apparently not available to him

4

during his recent four-month term of custody, it was available to him through LRHSC/LRLEC after his release from custody, and he chose not to take advantage of that opportunity.

Mr. Strouse personally stated his recognition of his need for alcohol and drug treatment, and stated that he is now motivated to deal with his addictions because his girlfriend has made that an ultimatum for their continuing relationship and his relationship with his newborn daughter.  His statements at the hearing, however, are inconsistent with his recent actions.

Mr. Strouse's record of compliance with conditions of supervision is abysmal, even though he has spent very little actual time in the community during his supervised release terms.  Based on his record to date, there is little reason to believe that he would now follow through with treatment, or that he would follow conditions of supervision.  This Court therefore recommends that he be ordered to complete a term of eleven months in custody, with no additional term of supervised release following completion of that term.

## **RECOMMENDATION**

This court recommends that the District Judge find that Mr. Strouse violated conditions of supervised release, as alleged in the petition.  This Court further recommends that Mr. Strouse's term of supervised release be revoked, and that he be ordered to serve eleven months in custody, with credit for time served since

his arrest on this petition.  Finally, this Court recommends that no additional term of supervised release be ordered after completion of the term of incarceration.

## OPPORTUNITY FOR OBJECTIONS

Pursuant to Local Rule 72.1(E)(4), either party may object to the proposed findings and recommended disposition within ten days after being served with a copy of this Report and Recommendation. If the parties do not object to the proposed findings and recommendations, they may wish to advise the District Judge, so that an order may be entered before the ten day period ends.

Dated this 5th day of April, 2007.

*/s/ Alice R. Senechal*
Alice R. Senechal
U.S. Magistrate Judge